UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELVIN HODGES,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO  C02-5008JET<br>     CR98-0091JET<br><br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Certificate of Appealability with regard to the denial of his Motion for Relief From Judgment pursuant to Fed.R.Civ. P. 60(b) and Motion for Post-Conviction Rehabilitation Relief.

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

In order for the appeal to proceed, this Court must issue a Certificate of Appealability.  See 28 U.S.C. 2253; United States v. Asrar, 108 F.3d 217 (9th Cir. 1997).  For the certificate to issue,

- 1

this Court must determine that "the applicant has made a substantial showing of the denial of a constitutional right" and the Court must "indicate which specific issue or issues satisfy the showing." 28 U.S. C. §2253(c)(2)-(3).  If the Court denies the certificate, it must "state the reasons why such a certificate should not issue."  Fed.R.APP.P. 22(b); Asrar, 108 F.3d at 218.

United States v. Booker, 125 S. Ct. 138 (2005) was decided on January 12, 2005, and does not apply retroactively to cases that became final prior to the date of that decision.  Guzman v. United States, 2005 WL 80324 (2nd Cir. N.Y.).  Defendant's conviction became final prior to Booker.  Accordingly, Booker does not apply to this case. Furthermore, there is no basis for a departure based on post-conviction rehabilitative efforts.  For the foregoing reasons, the Court declines to issue a Certificate of Appealability, as Defendant has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.

The clerk of the court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 20th day of June, 2005.


/s JACK E. TANNER
_____
JACK E. TANNER
SR. UNITED STATES DISTRICT JUDGE

- 2